```
              UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    Alexandria Division
```

TRUSTEES OF THE PLUMBERS )
AND PIPEFITTERS NATIONAL )
PENSION FUND )
               )
  Plaintiff, )
               )
    v. ) Civil Action No. 1:11cv104
               )
MASTER SERVICE PLUMBING, INC., )
               )
  Defendant. )

<u>REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Motion for Default Judgment (Dkt. 11) by plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund ("plaintiff") against defendant Master Service Plumbing, Inc. ("defendant").[1]  When no representative for defendant appeared at the hearing on this motion, the undersigned Magistrate Judge took the matter under advisement.

---

[1] Supporting materials include the Memorandum in Support of Default Judgment ("Mem. Supp. Default J.") (Dkt. 12), the First Amended Complaint ("Am. Compl.") (Dkt. 4), the Affidavit of William T. Sweeney, Jr., Administrator of the Plumbers and Pipefitters National Pension Fund ("Sweeney Aff.") and the attached National Pension Fund reports listing the unpaid contributions, liquidated damages, and interest owed (Dkt. 12-1), as well as the Declaration of Attorney's Fees from John R. Harney of O'Donoghue & O'Donoghue LLP ("Harney Aff.") and billing record for this matter (Dkt. 12-2).

I.   INTRODUCTION

### A.   Background

Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Program ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements.  Plaintiff seeks damages pursuant to the Restated Agreement and Declaration of Trust ("the Trust Agreements"), which have established the Fund and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 350, which incorporates defendant's obligations under the Trust Agreements.[2]  (Am. Compl. ¶¶ 1-3; Sweeney Aff. 2-3.)

### B.   Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  29 U.S.C. § 1132(e)(2), 185(c) (2006).  In this case, jurisdiction and venue are proper

---

[2] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

because the Fund is administered in this District and the alleged breaches of the Agreements occurred within this District.  (Am. Compl. ¶¶ 1, 3, 8-9.)

### C.   Service of Process

On May 4, 2011, plaintiff served Gabrielle M. Totton, Registered Agent and Secretary/Treasurer of the defendant, with a copy of the Summons and Complaint by private process server at 325 Sunshine Lane, Reno, Nevada 89502-1214.  (Dkt. 7; Memo. Supp. Default J. 1.)  Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D.   Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On June 15, 2011, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 10.)  Plaintiff filed a Motion for Default Judgment on June 22, 2011.  (Dkt. 11.)

## II.   FINDINGS

Based on the First Amended Complaint, the Motion for Default Judgment, the Affidavit of William T. Sweeney, Jr., the Declaration of John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings:

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiff's Fund certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (Am. Compl. ¶¶ 4-5, 11; Sweeney Aff. ¶¶ 2-4, 10.) Defendant failed to submit timely reports or contributions to plaintiff, in violation of the Agreements. (Am. Compl. ¶¶ 7-8; Sweeney Aff. ¶¶ 5-7, 9.) Pursuant to the Agreements, plaintiff now seeks to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.[3]

At the time plaintiff filed the First Amended Complaint, defendant had failed to pay its required contributions to the Fund for the months of August 2010 through February 2011. (Am. Compl. ¶¶ 7-8; Memo. Supp. Mot. Default J. 2; Sweeney Aff. ¶¶ 5-6.) Pursuant to the Agreements, defendant must pay these contributions in the amounts contained in remittance reports it has submitted to plaintiff plus the amounts derived from a projection formula contained in the Agreements (for contributions not covered by the remittance reports). (Am. Compl. ¶¶ 5, 8-9; Sweeney Aff. ¶¶ 3, 5-8.) Defendant's **contributions** for the months of August 2010 to February 2011 are

---

[3] Though plaintiff sought injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145 in the Amended Complaint (Count II), plaintiff did not seek this relief in the Motion for Default Judgment.

4

late, in the amount of **$9,477.20.**  (Am. Compl. ¶ 8; Sweeney Aff. ¶¶ 6-7, 9.)

Under the Trust Agreements, defendant must also pay **liquidated damages** to the Fund on any unpaid or delinquent contributions.[4]  In this case, the amount of these liquidated damages is **$947.72.**  (Am. Compl. ¶ 11-12; Sweeney Aff. ¶ 10.)

Additionally, defendant is obligated under the Trust Agreements to pay **interest** at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment.  (Sweeney Aff. ¶ 10.)  The total amount of this interest, calculated through the date of payment, or July 1, 2011, is **$625.37.**  (Id.)

In addition, plaintiff seeks **$1,450.00** in attorneys' fees and **$821.29** in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Memo. Supp. Mot. Default J. 2-3; Harney Aff. ¶¶ 5-7.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff

---

[4] Pursuant to Article VI, Section 5 of the Trust Agreement establishing the National Pension Fund and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2003, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed.  (Sweeney Aff. ¶ 10.)

Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a **total of $13,321.58**.  (Memo. Supp. Mot. Default J. 2-3.)

Specifically, the undersigned recommends that plaintiff should recover from defendant $9,477.20, the sum of unpaid contributions from August 2010 through February 2011, $947.72 in liquidated damages, $625.37 in interest accrued at a rate of 12% per annum from the date due through the date of payment, or July 1, 2011.

In addition, the undersigned recommends that plaintiff should recover from defendant $1,450.00 in attorneys' fees and $821.29 in costs.

## IV.  NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Gabrielle M. Totton
    Registered Agent & Secretary/Treasurer
    325 Sunshine Lane
    Reno, Nevada 89502-1214

                                            /s/
                                THERESA CARROLL BUCHANAN
                                UNITED STATES MAGISTRATE JUDGE

September 8, 2011
Alexandria, Virginia